# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| FIRSTMERIT BANK, | ) | |
|     Plaintiff, | ) | Case No. 15 C 8888 |
| | ) | |
|     v. | ) | Judge Joan B. Gottschall |
| | ) | |
| JAMES A. FASSINO, ADRIENNE S. | ) | |
| FASSINO, ADRIENNE S. FASSINO | ) | |
| REVOCABLE TRUST NO. 2, THOMAS | ) | |
| SCHERER, MARY E. SCHERER, HENRY | ) | |
| Henry, ANNE L. SCHEIER, and ANNE | ) | |
| L. SCHEIER REVOCABLE TRUST NO. 2, | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

After the borrower defaulted, plaintiff FirstMerit Bank filed a state court action against, among others, individuals who had signed guaranties associated with an underlying note and mortgage. FirstMerit elected to dismiss the guarantors without prejudice and proceeded to judgment as to the remaining defendants. It subsequently filed this federal action raising breach of guaranty and related claims against the guarantors, and amended its complaint pursuant to a court order identifying a defect in the jurisdictional allegations. The guarantors move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Illinois' single refiling rule bars FirstMerit's amended complaint given FirstMerit's prior state court and original federal complaints. Alternatively, the guarantors contend that res judicata based on the state court proceedings bars FirstMerit's federal claims. For the following reasons, the guarantors' motion to dismiss is denied in its entirety.

**I. BACKGROUND**

**A.     The Parties and the Loan Documents[1]**

FirstMerit Bank is the successor in interest to a bank that issued certain loan documents. TJHD Properties, LLC, owned real property in Arlington Heights, Illinois. In 2004, TJHD executed a promissory note (the "2004 Note") and signed a mortgage for the Arlington Heights property. James Fassino, Henry Scheier, Thomas Scherer and Donald Ophus each signed guaranties to secure the 2004 Note (the "2004 Guaranties").[2] In 2004, FirstMerit's predecessor bank, TJHD, James, Scheier, Thomas, and Donald also executed a business loan agreement (the "2004 Business Loan Agreement").

In 2009, TJHD executed a second promissory note that it amended in 2010 (as amended, the "2009 Note").[3] The section of the 2009 Note entitled "prior note" states that the 2009 Note "is a restatement of the indebtedness evidenced by, and is a replacement and consolidation of," the 2004 Note. (Defs.' Mot., Ex. H attached to Exhibit 1 at 2.) In 2010, TJHD executed a second business loan agreement (the "2010 Business Loan Agreement") that superseded the 2004 Business Loan Agreement. The 2010 Business Agreement specified that guaranties were

---

[1] The following facts are drawn from the plaintiffs' complaint and are accepted as true for the purpose of the defendants' motion to dismiss. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013). Except as noted below, the court has not considered additional factual allegations in the parties' briefs.

[2] Four of the defendants' last names (Scherer and Scheier) are almost identical. To avoid confusion, the court will refer to the individual defendants by their first names.

[3] Firstmerit did not attach a copy of the 2009 Note to its amended complaint. The 2009 Note is attached to the defendants' motion to dismiss as Tab H under Exhibit 1. Because the amended complaint expressly refers to the 2009 Note, it is properly before the court. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

necessary for the bank to advance funds to TJHD. Thus, James, Thomas, and Henry executed additional guaranties for the 2009 Note.

**B.    The Underlying State Court Mortgage Foreclosure Proceedings**

After TJHD defaulted on the 2009 Note, FirstMerit filed a mortgage foreclosure action in the Circuit Court of Cook County (the "State Mortgage Foreclosure Action"). The State Mortgage Foreclosure Complaint (which is attached to the federal complaint) named TJHD, James, Thomas, Donald, Henry, and others as defendants. It initially contained ten counts:

| Count | Cause of Action | Defendant | Subsequently Dismissed? |
|---|---|---|---|
| I | Mortgage Foreclosure<br>- - - - - - - - - - - - - - - - -<br>& Deficiency Judgment | TJHD<br>- - - - - - - - - - - - - - -<br>TJHD, James, Thomas, Donald, Henry, and others | - - - - - - - - - - - - - - -<br>Yes as to James, Thomas, Donald, and Henry |
| II | Breach of Contract | TJHD Properties, LLC | |
| III | Breach of Guaranty | James Fassino | Yes |
| IV | Breach of Guaranty | James Fassino | Yes |
| V | Breach of Guaranty | Thomas Scherer | Yes |
| VI | Breach of Guaranty | Thomas Scherer | Yes |
| VII | Breach of Guaranty | Donald Ophus | Yes |
| VIII | Breach of Guaranty | Donald Ophus | Yes |
| IX | Breach of Guaranty | Henry Scherer | Yes |
| X | Breach of Guaranty | Henry Scherer | Yes |

In FirstMerit's mortgage foreclosure count (Count I), it requested a judgment of foreclosure and sale, costs and fees, and an order of possession. In addition, FirstMerit attached the guaranties and based on those guaranties, requested a deficiency judgment against TJHD,

James, Thomas, Donald, Henry, and others if the sale proceeds were insufficient to satisfy the amount that TJHD owed pursuant to the 2009 Note.

An attorney filed an appearance on behalf of the Guarantor defendants. In December 2013, FirstMerit moved to dismiss the claims against the Guarantor defendants without prejudice. The state court granted FirstMerit's motion. The state court's dismissal order expressly states that all of the courts against James, Thomas, Donald, and Henry—including Count I—are dismissed without prejudice.[4]

FirstMerit proceeded with the other counts, including the remainder of Count I, and obtained a judgment of foreclosure and sale. The judgment (Exhibit I to the complaint, starting at Page ID#275) states that it "is fully dispositive of the interest of all remaining defendants." (Dkt. 5-1 at ¶ 2, Page ID#275.) It also provides that:

> If the proceeds of the sale are not sufficient to satisfy those sums due the Plaintiff, the Court shall enter a personal deficiency judgment pursuant to 735 ILCS 5/15-1508(e) providing that the Court finds that it has personal jurisdiction over the parties personally liable on the note and that said liability has not been discharged in bankruptcy. The Court shall enter an In Rem deficiency Judgment if it find there to be no personal jurisdiction over those parties liable on the note or if there is no personal liability based on other findings by the court.

(*Id*. at ¶ 8(c), PageID#281.)

After the property was sold, the state court granted FirstMerit's motion to confirm the sale. The order confirming the sale (Exhibit J to the complaint, starting at Page ID#284) states that FirstMerit's motion for entry of an order confirming the sale, granting possession against

---

[4] FirstMerit attached the state court dismissal order to its response to the motion to dismiss. (Dkt. 18-1.) This order is properly before the court because FirstMerit's amended complaint expressly refers to the dismissal of the Guarantor defendants. (Dkt. 5, Am. Compl., ¶ 37.) *See Geinosky*, 675 F.3d at 745 n.1.

TJHD , and entry of a deficiency judgment against TJHD is before the court. (*Id*. at PageID#284.) The order further provides "[t]hat the proceeds of said sale were insufficient to satisfy the judgment and an IN PERSONAM deficiency judgment is entered in favor of FirstMerit Bank N.A. and against TJHD Properties LLC, in an amount of $738,093.94." (*Id*. at PageID#286.)

**C.     The Federal Complaints**

In October 2015, FirstMerit filed a federal complaint against James, Thomas, and Henry, as well as Adrienne Fassino, Anne Scheier, and Mary Scherer. (Dkt. 1.) The complaint seeks relief based on an alleged breach of the guaranties and purportedly fraudulent transfers that diverted funds from FirstMerit. Following initial jurisdictional screening, the court dismissed the complaint with leave to replead because FirstMerit alleged that the defendants were Illinois residents, as opposed to Illinois citizens. *See*, *e.g.*, *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (the "residency" of a defendant is irrelevant for purposes of diversity jurisdiction, as "citizenship is what matters"). FirstMerit corrected this pleading error in its amended complaint. (Dkt. 5.)

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together.").

For purposes of a motion to dismiss, the court takes all facts alleged by the plaintiff as true and draws all reasonable inferences from those facts in the plaintiff's favor, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

### III. DISCUSSION

The defendants move to dismiss, arguing that the amended federal complaint is barred by Illinois' single refiling rule because the state court complaint and the first iteration of the federal complaint used up FirstMerit's two chances to file suit. Alternatively, the defendants argue that the doctrine of res judicata bars FirstMerit from proceeding with any claims based on the alleged breach of the guaranties, and that the fraudulent transfer claims fail because they are dependent on the breach of guaranty claims.[5] Both of these arguments are unavailing.

**A.   Illinois' Single Refiling Rule**

Illinois' single refiling rule provides that after dismissing a claim, a plaintiff "may commence a new action within one year or within the remaining period of limitation, whichever is greater." 735 Ill. Comp. Stat. § 5/13-217. "Illinois courts interpret this language to mean that a plaintiff who voluntarily dismisses a lawsuit may commence only one new action within the

---

[5]   Because res judicata is an affirmative defense, it is generally raised in a motion for judgment on the pleadings pursuant to Rule 12(c), as opposed to a Rule 12(b)(6) motion for failure to state a claim. *Bartucci v. Wells Fargo Bank N.A.*, No. 14 CV 5302, 2016 WL 1161283, at *2 n.2 (N.D. Ill. Mar. 24, 2016). Nevertheless, "a motion to dismiss under 12(b)(6) is proper when the complaint itself discloses the basis for the affirmative defense." *Caldwell v. Harris*, No. 2:15-CV-379-PRC, 2016 WL 525234, at *1 (N.D. Ind. Feb. 10, 2016). FirstMerit's federal complaint attaches the state court foreclosure complaint, the judgment of foreclosure, and the order confirming the sale. The defendants' contention that res judicata bars FirstMerit's federal claims rests on these documents. Moreover, FirstMerit does not object to proceeding based on the current briefing. (Dkt. 25, FirstMerit's Sur-Response, at 1, n.1.) Thus, the court will address the defendants' arguments about res judicata.

statutorily imposed time limit" so "[o]nce the plaintiff commences this one new action, any further action is barred." *United Cent. Bank v. KMWC 845, LLC*, 800 F.3d 307, 311 (7th Cir. 2015) (collecting cases). The single refiling rule is "applicable to the refiling in a federal court of a suit originally filed in an Illinois state court, because it is a rule of preclusion, like res judicata; and a federal court is required to give 'full faith and credit' to records of (including judgments in) state judicial proceedings." *Bank of New York Mellon v. Schulze*, No. 11 C 0762, 2016 WL 806548, at *2 (N.D. Ill. Mar. 2, 2016) (quoting *Carr v. Tillery*, 591 F.3d 909, 914 (7th Cir. 2010)).

The problem with the defendants' reliance on the single refiling rule is that FirstMerit did not dismiss its federal complaint and then file a second federal lawsuit. *See* 735 Ill. Comp. Stat. § 5/13-217. Instead, the court—not FirstMerit—dismissed the complaint (not the entire action) sua sponte based on a technical pleading deficiency, which FirstMerit promptly corrected. The court's sua sponte dismissal of a complaint on technical grounds with leave to replead is the antithesis of a voluntary dismissal of an action by a plaintiff. See *United Cent. Bank*, 800 F.3d at 311 (holding that the single refiling rule applies after a plaintiff "voluntarily dismisses a lawsuit"). This is consistent with the Seventh Circuit's recognition that dismissing a complaint with leave to replead is distinguishable from dismissing an entire case. *See CFE Grp., LLC v. Firstmerit Bank, N.A.*, 809 F.3d 346, 351 (7th Cir. 2015); *Hinkle v. Henderson*, 135 F.3d 521, 525 (7th Cir. 1998).

The inception of a lawsuit is the relevant time to assess whether jurisdiction is proper. *See*, *e.g.*, *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 574 (2004). The defendants do not and cannot dispute that diversity jurisdiction existed as of the time this suit

was filed, despite FirstMerit's inartful jurisdictional allegations. The filing of an amended complaint with revised jurisdictional allegations in response to a court order is not a "refiling" of an action under Illinois law. The defendants' motion to dismiss based on the single refiling rule is denied.

**B.     Res Judicata**

The defendants contend that the doctrine of res judicata (also known as claim preclusion) bars FirstMerit from proceeding with any claims based on an alleged breach of the guaranties and that FirstMerit's fraudulent transfer claims must be dismissed because they are dependent on the breach of guaranty claims. Because the defendants' res judicata argument is based on a judgment entered by the Circuit Court of Cook County, Illinois law governs whether res judicata applies. *See* 28 U.S.C. § 1738; *Bartucci v. Wells Fargo Bank N.A.*, No. 14 CV 5302, 2016 WL 1161283, at *3 (N.D. Ill. Mar. 24, 2016) (collecting cases). Under Illinois law, "a final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involving the same cause of action." *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill. 1998).

"[A] final judgment on the merits involving the same parties or their privies precludes the relitigation not only of claims that were *actually* litigated but also claims that *could have been* litigated because they arose from the same group of operative facts." *Perkinson v. Illinois State Police*, No. 15-CV-526-JPG-PMF, 2016 WL 1321197, at *5 (S.D. Ill. Apr. 5, 2016) (emphasis in original). Res judicata applies if "there is (1) a final judgment on the merits in an earlier action; (2) an identity of the causes of action; and (3) an identity of parties or their privies." *Ennenga v. Starns*, 677 F.3d 766, 776 (7th Cir. 2012) (citing *River Park, Inc.*, 703 N.E.2d at 889).

The parties agree that if a plaintiff joins all of the makers of a note and all of the guarantors and seeks a deficiency judgment, a order confirming a sale and awarding a deficiency judgment bars any further claims based on the note or guaranties. FirstMerit contends that the state court's order granting its motion to dismiss all of the counts against James, Thomas, Donald, and Henry without prejudice means that the individual guarantors were not parties when the state court confirmed the sale and issued a deficiency judgment against TJHD. FirstMerit thus concludes that res judicata does not bar its current claims. In contrast, the defendants assert six reasons why, despite the state court's dismissal order, the confirmation of sale and the entry of the deficiency judgment extinguished FirstMerit's ability to file a new action based on the guaranties.

First, the defendants argue (in a variety of different ways) that res judicata applies because FirstMerit obtained a deficiency judgment against TJHD and elected not to obtain a deficiency judgment against the individual guarantors. While true, this is irrelevant as "Illinois law allows a party to bring a separate action in personam on a note or personal guaranty to recover a deficiency following an in rem foreclosure action." *Bank of Am. v. Creative Stairs & Woodworking, Inc.*, No. 1-10-3668, 2011 WL 10071894, at *6 (Ill. App. Ct. Sept. 28, 2011). In other words, while FirstMerit could have proceeded on the guaranties at the same time it sought relief based on a default of the underlying note, it was not required to do so. *See id.*

Second, the defendants argue that the state court's dismissal order purported to dismiss the claims against the individual guarantors without prejudice but did not effectively remove them from the state court case. According to the defendants, the dismissal order merely changed the scope of the state court complaint's prayer for relief and did not affect the state court's ability

to exercise personal jurisdiction over the individual guarantors. While creative, this contention is incorrect. The Illinois Code of Civil Procedure allows a plaintiff to dismiss a claim without prejudice. *See* 735 Ill. Comp. Stat. § 5/2-1009(a). FirstMerit voluntarily dismissed all of its claims against the individual guarantors.

Moreover, the defendants' contention that FirstMerit "<u>did not dismiss the guaranty claims/causes of action completely from the State Mortgage Foreclosure Action and never removed the relevant guarantees [sic] from the State Mortgage Foreclosure Complaint</u>" is a distinction without a difference. (Dkt. 23, Defs.' Sur-Reply, at 2) (emphasis in original.) The defendants have failed to convince the court that an order dismissing the individual guarantors without prejudice is ineffective merely because FirstMerit did not also obtain an order striking all of the references to the guaranties in the state court complaint.

The rest of the defendants' arguments are similarly unavailing. An order dismissing a party without prejudice is not a nullity even though it is interlocutory and cannot be immediately appealed. Relatedly, the defendants have pointed to no authority demonstrating that FirstMerit cannot rely on the dismissal order because FirstMerit did not obtain a finding pursuant to Illinois Supreme Court Rule 304(a), which is analogous to a certification order under Fed. R. Civ. P. 54(b).

Finally, the defendants' arguments about merger also fail. "The merger doctrine generally provides that, upon entry of a judgment, a plaintiff's claims against a defendant are merged into the judgment." *Steiner Elec. Co. v. Maniscalco*, No. 1-13-2023, 2016 WL 831094, at *21 (Ill. App. Ct. Mar. 2, 2016) (citing *Poilevey v. Spivack*, 857 N.E.2d 834, 836 (Ill. App. Ct. 2006)). The dismissal of the individual defendants means that they were not in the case when

the final judgment was entered.  There is nothing to merge.  The motion to dismiss based on res judicata is denied.

## IV. CONCLUSION

The defendants' motion to dismiss [11] is denied in its entirety.  The defendants shall answer by June 2, 2016.  This case is set for status on June 3, 2016, at 9:30 a.m.

Date:  May 13, 2016                                        /s/
                                                           Joan B. Gottschall
/cc                                                        United States District Judge